UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**MID-CONTINENT CASUALTY CO.,**
       -Plaintiff

     -v-                                            3: 7 MC 78 (CFD)

**ELAND ENERGY, INC. and
SUNDOWN ENERGY LP,**
       -Defendants

## RULING ON MOTION TO QUASH

     This Fed. R. Civ. P. 45(c) proceeding arises in the aftermath of Hurricane Katrina and focuses on communications between insurer Mid-Continent and its re-insurers. Mid-Continent has moved to quash certain subpoenas duces tecum served on the reinsurers. The pending motions to quash (Dkt. ##1 and 3), which are identical, are DENIED for the reasons set forth below, and substantially on the basis of the representations and authorities contained in the opposing joint memorandum Sundown and Eland have filed in opposition to the pending motions (Dkt. #8).

     The court finds that the subpoenaed documents are relevant to litigation pending in the Northern District of Texas. More specifically, the documents are relevant to the <u>bona fides</u> of Mid-Continent's handling of Sundown's and Eland's claims pursuant to

policies issued to them by Mid-Continent, as well as relevant to multiple bad faith claims that have been interposed against Mid-Continent. Among the cases supporting discovery of the subpoenaed information are <u>Sotelo v. Old Republic Life Ins. Co.</u>, No. C-05-2238, 2006 U.S. Dist. LEXIS 68387 *4 (N.D. Cal. Sept. 13, 2006); <u>Nat'l Union Fire Ins. v. Continental Illinois Corp.</u>, 116 F.R.D. 78, 82 (N.D. Ill. 1987); (<u>see</u> <u>also</u> Dkt. #8 at 8-9).

Sundown and Eland represent that they "do[] not seek copies of Mid-Continent's agreements with its reinsurers. Rather, [they have] requested only information directly concerning Mid-Continent's handling of [their] claims." (Dkt. #8 at 10). They specifically disclaim information relating to "pricing and coverage of reinsurance policies." Nor do Sundown and Eland seek information which, "if revealed to competitors . . . could damage the insurance carrier's ability to compete . . . ." (Dkt. #11) Mid-Continent's resistance on these grounds is, therefore, not availing.

Mid-Continent's motions to quash on grounds that the subpoenaed information conceivably "may contain" communications that are either privileged or immune from discovery is not appropriate on this record. That subpoenaed documents *might* include some documents that are attorney-client privileged or subject to work product immunity is not a ground for quashing a

Rule 45 subpoena. The subpoenaed documents must be produced. The only documents that may be withheld are those *portions* of specific documents as to which a *good faith* claim of work product or attorney client privilege is made.

Each item that is withheld must be specifically identified and described in a privilege log. See Ruran v. Beth El Temple of West Hartford, Inc., 226 F.R.D. 165, 168-69 (D.Conn. 2005) (describing minimum contents of log and effect of failure to file one with opposing counsel and court); Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co., 238 F.R.D. 536, 537-38 (D.Conn. 2006). The filing of such a log is an integral part of sustaining one's burden of establishing the existence of a privilege or immunity. A log must provide a party seeking discovery with enough information to decide intelligently whether to accept the assertion of privilege or immunity, or to challenge it. The log also must afford the court an adequate basis on which to rule on the issue of discovery vel non. Over withholding of documents; the obvious misassertion of a privilege or immunity from discovery; or the withholding of *entire* documents where only portions of the document are privileged may establish bad faith and result in sanctions.

It is not appropriate on the instant record to rule on the actual applicability of the attorney-client privilege or work product immunity. The subpoenaed documents shall be produced,

except as noted above, within 15 days hereof. An adequate privilege log shall be produced simultaneously. This is not a recommended ruling, but a discovery order reviewable pursuant to 28 U.S.C. §636(b)(1)(A). Movant's other arguments are not availing on the present record for the reasons set forth in the memorandum of Eland and Sundown (Dkt. #8 at 1-13).

**SO ORDERED at Hartford, Connecticut, this 26th day of March, 2007.**

**/s/ Thomas P. Smith**
**Thomas P. Smith**
**United States Magistrate Judge**