UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**MID-CONTINENT CASUALTY**
**COMPANY**
    **Plaintiff,**


    **-v-**                                              **3:07MC00078(CFD)**


**ELAND ENERGY, INC and**
**SUNDOWN ENERGY LP**
    **Defendants.**


## RULING ON DEFENDANTS' MOTION TO COMPEL

This case arises in the aftermath of Hurricane Katrina. As a result of the hurricane, Eland Energy, Inc. and Sundown Energy LP (collectively "Sundown") suffered damage to its oil and gas production facilities in Louisiana. Oil from Sundown's damaged facilities leaked into wetlands that drain into the Mississippi River, resulting in a number of lawsuits against Sundown by third-parties. At the time, Sundown had primary and excess commercial general liability policies from plaintiff Mid-Continent Casualty Company ("Mid-Continent"). Mid-Continent filed a declaratory judgment action in federal court in the Northern District of Texas, Dallas Division, on August 16, 2006 in order to determine its right under the policy. Specifically, Mid-Continent seeks, *inter alia*, a declaration that it does not owe Sundown defense, indemnity or

coverage with respect to the underlying claims and lawsuits because the policy limits have been exhausted. On August 28, 2006, Sundown filed its counterclaim alleging, *inter alia*, bad faith on the part of Mid-Continent.

On March 26, 2007, this court denied two Motions to Quash filed by Mid-Continent in regard to subpoenas duces tecum served upon Mid-Continent's re-insurers, Ace Tempest Re USA, LLC ("Ace"), and Faculative Resources, Inc. ("Faculative") by the defendants. See Dkt. # 16. The order required Mid-Continent to produce a privilege log, and stated that the only documents that could be withheld were "those *portions* of specific documents as to which a *good faith* claim of work product or attorney client privilege is made." Id. The defendants now move for an order compelling Mid-Continent to produce certain communications between Mid-Continent, its re-insurers, and its reinsurance intermediary, which the defendants allege Mid-Continent has improperly withheld on the basis of work product privilege. **[Dkt. # 18]**. On June 22, 2007, the court ordered Mid-Continent to submit the disputed documents for *in camera* review.

## I. DISCUSSION

### A. Inadequate Description

The defendants argue that a number of the challenged documents should be produced because they were inadequately described in plaintiff's original privilege logs. Whatever deficiencies existed

2

in the descriptions contained in the original privilege logs were cured via Mid-Continent's First Amended Privilege Log as to Faculative, and Fourth Amended Privilege Log as to ACE Tempest. Accordingly, the motion to compel is **DENIED** with respect to defendants' assertion that certain documents were inadequately described in plaintiff's original privilege logs.

### B. Attorney-Client Privilege

The defendants also challenged one document[1] that Mid-Continent alleged to be protected by the attorney-client privilege. However, Mid-Continent is no longer asserting the attorney-client privilege with respect to this document. See P's Opp. Mem. at 10. As such, the motion to compel is **DENIED** with respect to defendants' claim that Mid-Continent improperly invoked the attorney-client privilege.

### C. Work Product Privilege

Mid-Continent has withheld the remaining documents on the basis of the work product doctrine. The work product doctrine, as codified in the Federal Rules states:

> a party may obtain discovery of documents and tangible things otherwise discoverable...and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's

---

[1] Faculative Bates Nos. 00005-00007.

> case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Fed. R. Civ. P. 26(b)(3).

Under the work product doctrine, the party asserting the claim has the initial burden of showing it applies. See Cornelius v. Consolidated Rail Corp., 169 F.R.D. 250, 253 (N.D.N.Y. 1996) (party claiming work product protection must show three elements, "[f]irst, the material must be a document or tangible thing. Second, it must have been prepared in anticipation of litigation. Third, it must have been prepared by or for a party or its representative."); In re Horowitz, 482 F.2d 72, 82 (2d Cir.), cert denied, 414 U.S. 867 (1973)("the person claiming the attorney-client privilege has the burden of establishing all essential elements").

As a threshold matter, the court notes that the plaintiff has satisfied its burden of showing that it had anticipated litigation at the time the disputed documents were created. "Documents prepared in anticipation of litigation are those that...can fairly be said to have been prepared or obtained because of the prospect of litigation." United States v. Adlman, 134 F.3d 1194, 1202 (2d. Cir. 1998). Although the declaratory action was not filed until August 16, 2006, Mid-Continent produced an e-mail[2] dated March 15,

---

[2] Bates No. MC-004481

4

2006 which states that "current thoughts are to file a DJ to enforce the payment of the primary which would eliminate the duty to defend under the primary and the excess policy does not have a duty to defend obligation." Although the affidavit of Steve Haltom and the deposition of Raymond Corley contain differences of opinion as to when the final decision to file the declaratory action was made, it is clear that as of March 15, 2006 the "prospect of litigation" existed with respect to the policy. Adlman, 134 F.3d at 1202.

Although the disputed documents may qualify as work product from a temporal perspective, the work product privilege does not shield documents "that are prepared in the ordinary course of business or would have been created in essentially similar form irrespective of litigation." In re Grand Jury Proceeding, 79 Fed. Appx. 476, 477-78 (2d Cir. 2003). Thus, the mere fact that a document was created after a certain date does not confer work product status on the document. In the instant case, prior to disclaiming its defense obligation to Sundown in August, 2006, Mid-Continent handled all of the underlying claims by and against Sundown. As such, communications by and between Mid-Continent, its re-insurers and its reinsurance intermediary, made in the ordinary business of handling the underlying claims, are not protected by the work product privilege. Only those communications which are related to whether Mid-Continent had a duty to defend, indemnify or

5

provide coverage to Sundown, the subject of the declaratory judgment action, can be shielded by the work product privilege.

Upon a careful *in camera* review of the documents in dispute, the court finds that, with the exception of Faculative Bates Nos. 00005-00007 and 00034, Mid-Continent properly produced all documents which constitute routine management of claims handling, and properly redacted and withheld those documents which relate to the declaratory judgment action and are subject to the work product privilege. In addition, the court finds that the defendants have not met their burden under Fed. R. Civ. P. 26(b)(3) of demonstrating a substantial need for the protected documents, or that they could not obtain the substantial equivalent of the materials by other means.

Faculative Bates Nos. 00005-00007 and 00034 constitute ordinary business communications dealing with the underlying class action, and thus must be produced. Although there are arguably small portions of text within Bates Nos. 00005-00007 that could be considered work product with regard to the declaratory judgment action, Mid-Continent's over withholding of the entire e-mail chain, rather than redacting the protected portions, necessitates the production of the entire chain. In addition, Bates No. 00034 simply discusses defense strategies for the underlying class actions, and thus does not sufficiently relate to the declaratory judgment action to invoke the work product privilege. Thus,

Sundown's Motion to Compel is **GRANTED** only to the extent that it seeks production of Faculative Bates Nos. 00005-00007 and 00034.

## II. CONCLUSION

Based on the foregoing, the defendants' Motions to Compel **(Dkt. # 18)** is **GRANTED** in part and **DENIED** in part. The plaintiff is **ORDERED** to produce the above-referenced improperly withheld documents to the plaintiffs within ten (10) days hereof. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges.

**IT IS SO ORDERED.**

   **Dated at Hartford, Connecticut this 23rd day of July, 2007.**

                              **/s/ Thomas P. Smith**
                              **THOMAS P. SMITH**
                              **UNITED STATES MAGISTRATE JUDGE**